IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CASIMER ZABLOCKI, individually and on behalf of all others similarly situated, | ) ) ) Case No. 18-cv-8489 |
| Plaintiff, | ) ) |
| v. | ) Judge Rebecca R. Pallmeyer ) |
| MERCHANTS CREDIT GUIDE CO., | ) Magistrate Judge Susan E. Cox ) |
| Defendant. | ) |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
## PLAINTIFF'S AMENDED COMPLAINT

Defendant, Merchants' Credit Guide Co. ("MCG") by its attorneys David M. Schultz and Jennifer W. Weller and for its Memorandum in Support of its Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rule 12(b)(6) states as follows:

### INTRODUCTION

Plaintiff alleges that Defendant violated Section 1692f and 1692f(1) of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. §1692 *et. seq.* by reporting each of Plaintiff's four x-ray services as a separate tradeline on her credit report. Plaintiff contends that the x-rays were for a "single debt, owed to a single medical provider, under a single account number" and that "MCG used unconscionable means to collect a debt, in violation of 15 U.S.C. §§1692f and 1692f(1), when it reported a single debt as 4 separate debts on Plaintiff's credit report." (AC, ¶19). Plaintiff pursues these claims in spite of the fact that one month ago the Seventh Circuit rejected the same allegations in the context of a Section 1692e(2)(A) claim. *See Rhone v. Med. Bus. Bureau, LLC*, 2019 U.S. App.LEXIS 3853 (7th Cir. Feb. 7, 2019). Not only is Plaintiff's counsel also the attorney of record in *Rhone*, the form complaints in the two matters are plead in an identical manner, save for the fact that Plaintiff has pled over her Section 1692e claims in her Amended Complaint in this case. *Compare Zablocki* Complaint with *Rhone* Amended

Complaint attached as Exhibit A. However, it is well settled that a generic claim under Section 1692f of the FDCPA cannot be based on conduct governed by a more specific provision of the Act. Moreover, Plaintiff has not alleged a plausible claim under Section 1692f(1) because she has not alleged that MCG was attempting to collect an amount that was not authorized by agreement or permitted by law. As set forth below, Plaintiff's Amended Complaint should be dismissed.

## ALLEGATIONS IN AMENDED COMPLAINT

Plaintiff sought medical care in 2013 which included several x-rays taken at Midwest Imaging Professionals. (AC, ¶8). He was billed for services, which were reimbursed by his medical insurance provider. (AC, ¶9). A balance of approximately $462 remained in excess of what was paid by insurance. (AC, ¶9). The debt was a single debt, owed to a single medical provider, under a single account number. (AC, ¶15). Due to his financial circumstances, Plaintiff could not pay the debt and it went into default. (AC, ¶11). Defendant subsequently began collecting the debt. (AC, ¶¶3, 12).

On December 14, 2018 Defendant communicated credit information regarding the debt to TransUnion including the account number, creditor name and balance. (AC, ¶13). Instead of reporting one account for the alleged debt, Defendant allegedly communicated a separate account for each x-ray. (AC, ¶14). Thus, Plaintiff's credit report showed 4 separate tradelines. (AC, ¶14).

Plaintiff alleges "[b]reaking the debt down into 4 separate tradelines on Plaintiffs credit report materially lowered Plaintiff's credit score." (AC, ¶16). Plaintiff contends "MCG used unconscionable means to collect a debt in violation of 15 U.S.C. §§1692f and 1692f(1), when it reported a single debt as 4 separate debts on Plaintiff's credit report." (AC, ¶¶19,28).

2

## **ALLEGATIONS IN *RHONE* AMENDED COMPLAINT**

Plaintiff suffered an injury and sought physical therapy on at Illinois Bone and Joint from October of 2012 through December of 2013. (Rhone AC, ¶9). She was billed for services, which were reimbursed by her medical insurance provider. However, a balance of approximately $360 allegedly remained in excess of what was paid by her insurance company. (Rhone AC, ¶10). The debt was a single debt, owed to a single medical provider, under a single account number. (Rhone AC, ¶12).[1] Due to her financial circumstances, Plaintiff could not pay the alleged debt, and it went into default. (Rhone AC, ¶13). MBB was subsequently retained or hired to collect the alleged debt. (Rhone AC, ¶14).

In November, 2013, MBB communicated credit information regarding the alleged debt to the Equifax consumer reporting agency, including, inter alia, an account number, the identity of the original creditor, and a balance. (Rhone AC, ¶15). Instead of reporting one tradeline for the alleged debt, MBB communicated a separate tradeline to Equifax for each time Plaintiff had visited Illinois Bone and Joint. (Rhone AC, ¶17). By breaking the debt down into 9 separate tradelines on Plaintiff's credit report, Defendant materially lowered Plaintiff's credit score by suggesting she had failed to pay 9 separate debts. (Rhone AC, ¶18).

MBB made a false, deceptive and misleading representation when it falsely represented that Plaintiff owed 9 separate debts, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A),1692e(8) and 1692e(10), when in fact plaintiff was alleged to have owed only one debt. (Rhone AC, ¶22). MBB used unconscionable means to collect a debt, when it broke a single debt into 9 separate tradelines on Plaintiff's credit report, in violation of 15 U.S.C. §§ 1692f and 1692f(1). (Rhone AC, ¶24).

---

[1] Plaintiff had nine physical therapy sessions on separate dates. *See Rhone v. Medical Bus. Bureau, LLC*, 2017 U.S. Dist. LEXIS 177800, *3 (N.D.Ill. Oct. 25, 2017).

**ARGUMENT**

A. **Under *Rhone* Defendant's credit reporting is not "unconscionable"**

Section 1692f provides, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f. The statute then lists specific examples of conduct that is violative of Section 1692f. In this case Plaintiff contends MCG used "unconscionable means" to collect a debt "when it reported a single debt as 4 separate debts on Plaintiff's credit report." (AC, ¶28).

In *Rhone* plaintiff similarly argued that defendant violated the FDCPA by reporting each medical transaction as a separate tradeline on her credit report rather than as a single debt. The Rhone court addressed only her claim under Section 1692e(2)(A), however, the reasoning makes clear that the conduct at issue cannot be considered unconscionable. For instance the court stated:

> One benefit of identifying each amount separately is that a debtor then can identify exactly which transactions are at issue.[2] If the Bureau had reported one $540 debt, Rhone might well have asserted that the report was misleading—after all, she does not owe $540 for any transaction. Per-transaction reporting also shows whether some of the debts are stale (that is, whether the statute of limitations bars collection). Consumers and credit bureaus alike may find that information valuable. *Rhone*, 2019 U.S. App.LEXIS 3853, *3.

The court then goes on to state "But the number of transactions between a debtor and a single merchant does not affect the genesis, nature, or priority of the debt and so does not concern its character." *Id*. at **4-5. The court concludes, "Medical Business Bureau did not misstate the 'character' of Rhone's debt to the Illinois Bone and Joint Institute." *Id.* at *6.

MCG's per transaction credit reporting cannot be considered "unconscionable." The amounts indicate what remained as Zablocki's responsibility on each service after insurance was

---

[2] This case is like *Rhone* where each service was provided on a different date.

4

applied and Plaintiff does not contend there was anything inaccurate in what was reported. Merriam-Webster's online dictionary provides that one of the definitions of "unconscionable" is "shockingly unfair or unjust. *See* https://www.merriam-webster.com/dictionary/unconscionable, accessed March 11, 2019. It is surely not "shockingly unfair or unjust" to separately and accurately list each medical transaction on a credit report. Plaintiff was able to discern from the credit report exactly which medical transactions were at issue after his medical insurance was applied. Plaintiff's attempt to lump such conduct under the vague umbrella of "unconscionable conduct" under Section 1692f when the same conduct does not support a claim under Section 1692e(2)(A) of the FDCPA must fail.

B.  **Plaintiff's generic claims under Section 1692f's catchall provision fail**

Courts refer to the initial sentence of Section 1692f as a "catch-all provision." *See Todd v. Collecto, Inc.*, 731 F.3d 734, 739 ("Section 1692f's catch-all prohibition on unfairness is 'as vague as they come.'")(7th Cir. 2013); *citing Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 474, (7th Cir. 2007); *Ali v. Portfolio Recovery Assocs., LLC*, 2018 U.S. Dist. LEXIS 168877, *26 (N.D.Ill. Sept. 30, 2018)("It is intended to be a 'catchall' provision that "broadly prohibits unfair and unconscionable conduct, where the conduct is similar to that prohibited by the FDCPA but not covered by any other section therein.").

Many courts have rejected claims under the general "catchall" provision where the claim is asserted in addition to other claims under more specific provisions of the FDCPA and is dependent upon the same facts. *See e.g. Ali*, 2018 U.S. Dist. LEXIS 168877, *26 ("[Plaintiff's two Section 1692f claims here seek relief for the same harm alleged under the Section 1692e— that the collection efforts, fee requests, fraud letter, and lawsuit were unlawful practices. [Plaintiff] cannot recover twice for the same conduct."); *Brunett v. Franklin Collection Serv.*, 2018 U.S. Dist. LEXIS 78746, *12-13, 2018 WL 2170334 (E.D.Wis. May 10, 2018)("Section

5

1692f cannot be used to address alleged collection misconduct which forms the basis of a plaintiff's other claims").

In this case Plaintiff initially plead claims under Section 1692e (Dkt #1), however, after the *Rhone* opinion was issued he filed an Amended Complaint seemingly believing that even though the conduct at issue could not violate Section 1692e(2)(A), it could violate the even vaguer provision of Section 1692f. However, in *Rhone*, the district court granted summary judgment to defendant and against Rhone on her Section 1692f claims:

> MBB argues that Rhone cannot base her Section 1692f claim on the same conduct that underlies her Section 1692e claim. Section 1692f is a catchall provision that "broadly prohibits unfair and unconscionable conduct, where the conduct is similar to that prohibited by the FDCPA but not covered by any other section therein." In the instant action, Rhone relies on the same facts for her Section 1692f claims as her Section 1692e claim. As indicated above, Rhone's allegations fall within the purview of Section 1692e and Rhone is entitled to recover under Section 1692e. She cannot gain a double recovery by seeking relief again for the same harm under Section 1692f. Therefore, MBB's motion for summary judgment on the Section 1692f claim is granted, and Rhone's motion for summary judgment on the Section 1692f claim is denied. *Rhone v. Medical Bus. Bureau, LLC*, 2017 U.S. Dist. LEXIS 177800, *6-7 (N.D.Ill. Oct. 25, 2017)(internal citations omitted).

Rhone did not appeal the order granting judgment in favor of defendant on her Section 1692f claim.[3] Although the Seventh Circuit did not address the generic Section 1692f claim in *Rhone*, as it was not appealed, it is clear that the conduct at issue did not support an independent claim under the vaguer statutory provision.

## C. Plaintiff fails to state a plausible claim under Section 1692f(1)

In addition to claiming that MCG violated the vague provision of Section 1692f, he also pleads that MCG violated the more specific provision of Section 1692f(1). Under Section 1692f(1) the following conduct is an example of an unfair or unconscionable means to collect a

---

[3] Rhone has asked the court to alter the judgment to allow her to pursue her Section 1692f claims and this issue is being briefed by the parties. *See* Dkt #97, *Rhone v. Medical Bus. Bureau, LLC*, Case No. 1:16-cv-05215 (N.D.Ill).

debt, "(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

Plaintiff does not plausibly allege a violation of this provision. Indeed he pleads that the amounts consist of "several x-rays taken at Midwest Imaging Professionals" and that the balance remaining after his medical insurance reimbursements were applied was $462. (AC, ¶¶8-9). He does not contend there were interest, fees or other charges added, much less that these amounts were not permitted by law or agreement.

## CONCLUSION

Having lost *Rhone*, it is clear that Plaintiff's attorneys are trying to conjure a claim under a vaguer statutory provision of the FDCPA to avoid its holding. The problem with this strategy, however, is that the conduct itself must be unfair or unconscionable. The reasoning in *Rhone* makes clear that accurately reporting each separate transaction on a credit report is not "unconscionable" conduct. In addition Plaintiff has not plausibly alleged that MCG was attempting to collect any amount that was not permitted by the agreement creating the debt or permitted by law.

WHEREFORE Defendant, Merchants' Credit Guide Co., respectfully requests that this Court grant its Motion to Dismiss Plaintiff's Amended Complaint and enter judgment in its favor and against the Plaintiff on Plaintiff's Amended Complaint.

          Respectfully submitted,

          HINSHAW & CULBERTSON LLP

          */s/Jennifer W. Weller*

David M. Schultz
Jennifer W. Weller
HINSHAW & CULBERTSON LLP
151 N. Franklin Street, Suite 2500
Chicago, IL 60606
Tel: 312-704-3000
E-mail: dschultz@hinshawlaw.com
E-mail: jweller@hinshawlaw.com

Attorneys for Defendant Merchants' Credit Guide Co.

## CERTIFICATE OF SERVICE

I, Jennifer W. Weller, an attorney, certify that I shall cause to be served a copy of **DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** upon the following individual(s), by deposit in the U.S. mail box at 151 North Franklin Street, Chicago, Illinois 60606, postage prepaid, messenger delivery, Federal Express, facsimile transmitted from (312) 704-3001, or electronically via the Case Management/Electronic Case Filing System ("ECF") as indicated, this 11th day of March, 2019.

| | | |
|---|---|---|
| _X_ | CM/ECF | *Attorneys for Plaintiff(s)* |
| ___ | Facsimile | Celetha Chatman |
| ___ | Federal Express | Michael J. Wood |
| ___ | E-Mail & U.S. Mail | COMMUNITY LAWYERS GROUP, LTD. |
| ___ | Messenger | 20 N Clark Street, Suite 3100 |
| | | Chicago, IL 60602 |
| | | cchatman@communitylawyersgroup.com |
| | | mwood@communitylawyersgroup.com |

David M. Schultz  
Jennifer W. Weller  
HINSHAW & CULBERTSON LLP  
151 North Franklin Street, Suite 2500  
Chicago, IL 60606  
Telephone: 312-704-3000  
Facsimile: 312-704-3001  
dschultz@hinshawlaw.com  
jweller@hinshawlaw.com  

*/s/ Jennifer W. Weller*  
Jennifer W. Weller  
One of the Attorneys for Defendant

303345447v1 1016873